## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| **IN RE:**<br><br>**MILLENKAMP CATTLE, INC.,**<br><br>    **Debtor.** | **Case No. 24-40158-NGH** |

**Filing relates to:**

☐ **ALL DEBTORS**

☐ **Millenkamp Cattle, Inc.**

☐ **Idaho Jersey Girls**

☒ **East Valley Cattle**

☐ **Millenkamp Properties**

☐ **Millenkamp Properties II**

☐ **Millenkamp Family**

☐ **Goose Ranch**

☐ **Black Pine Cattle**

☐ **Millenkamp Enterprises**

☐ **Idaho Jersey Girls Jerome Dairy**

**Jointly Administered With
Case Nos.:**

**24-40159-NGH (Idaho Jersey Girls)
24-40160-NGH (East Valley Cattle)
24-40161-NGH (Millenkamp Props)
24-40162-NGH (Millenkamp Props II)
24-40163-NGH (Millenkamp Family)
24-40164-NGH (Goose Ranch)
24-40166-NGH (Black Pine Cattle)
24-40167-NGH (Millenkamp Enters.)
24-40165-NGH (Idaho Jersey Girls
          Jerome Dairy)**

**Chapter 11 Cases**

## MEMORANDUM OF DECISION

## INTRODUCTION

Before the Court is Debtor East Valley Cattle's ("Debtor") Objection to Proof of Claim No. 5 (the "Objection").  Doc. No. 51.  Rexel USA, Inc., dba Platt Electric Supply ("Platt") filed Proof of Claim No. 5 (the "Claim"), asserting a secured claim for $504,414.02.  Claims Reg. No. 5-1.  Debtor argues that Platt failed to continue perfection

MEMORANDUM OF DECISION - 1

of its liens as required by Idaho's mechanic's lien statutes and § 546(b), rendering the claim unsecured.[1]  Debtor also contends that Platt's Claim is duplicative of an allowed claim filed by Elevation Electric, LLC ("Elevation Electric") in a jointly administered bankruptcy case for Millenkamp Cattle, Inc.  Debtor asks the Court to disallow Platt's Claim.

Debtor filed its Objection on May 9, 2025, and Platt filed a timely response.  Doc. No. 55.  The matter came before the Court for an evidentiary hearing on September 23, 2025.  No witnesses testified at that hearing because the parties had stipulated to the relevant facts.  The parties also stipulated to the admission of all of Platt's exhibits.  At the conclusion of the hearing, the Court took the matter under advisement.  The following constitutes the Court's findings of fact and conclusions of law in accordance with Rules 7052 and 9014.

**RELEVANT FACTS**

As noted above, the parties stipulated to the facts related to this dispute.  They filed this agreement as a "Statement of Undisputed Facts Regarding Debtor's Objection to Proof of Claim No. 5."  Doc. No. 1478, Case No. 24-40158.  The following undisputed facts are quoted from that statement:

> 1.      Platt did not have a contract with [Debtor].  Rather, Platt had a contract with Elevation Electric, which remains unpaid.
>
> 2.      As such, the sole basis for Platt's claim against [Debtor], is the recorded liens.

---

[1] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, Title 11 U.S.C. §§ 101-1532. Additionally, all citations to "Rule" are to the Federal Rules of Bankruptcy Procedure and all citations to "Civil Rule" are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 2

3.      Elevation Electric's Proof of Claim, filed in Case No. 24-40158-NGH, includes amounts owed by Elevation Electric to Platt.

4.      Elevation Electric's claim is an allowed claim and is being paid pursuant to the confirmed Fifth Amended Plan.

5.      Platt recorded certain mechanics liens against the real property owned by [Debtor].  The mechanics liens were recorded on April 8 – 11, 2024, in either Cassia or Jerome counties.

6.      The recording of the mechanics liens, by themselves, was not a violation of the automatic stay, due to 11 U.S.C. § 362(b)(3).

7.      Platt's Proof of Claim filed June 11, 2024 in Case No. 24-40160-NGH indicated a claim secured by liens on property.

8.      Platt took no further steps to enforce or continue its mechanics liens after recording the liens and filing its Proof of Claim (including, but not necessarily limited to, filing a lien foreclosure lawsuit in Idaho state court or filing anything further in the bankruptcy cases).

## ANALYSIS

The Court must determine if Platt's Claim is secured and whether the Claim should be disallowed as a duplicate claim.

### A. Platt's Claim is Secured

#### 1. Idaho mechanic's and materialmen's liens generally.

Idaho's mechanic's and materialmen's lien statutes grant lien rights to anyone who performs labor, furnishes materials, or provides professional services for building construction.  Under Idaho Code § 45-501, these parties have "a lien upon the same for the work or labor done or professional services or materials furnished."  These statutes exist to compensate those who work on or supply materials for construction, alteration, or

MEMORANDUM OF DECISION - 3

repair projects. *Datum Constr., LLC v. RE Inv. Co., LLC*, 540 P.3d 330, 337 (Idaho 2023). Courts liberally construe these statutes in favor of those to whom the lien is granted. *Id.* at 338. However, "the statutory requirements must be substantially complied with in order to perfect a valid mechanic's lien." *Sims v. ACI Nw., Inc.*, 342 P.3d 618, 622 (Idaho 2015) (cleaned up).

Idaho's mechanic's and materialmen's lien statutes provide "for an in rem proceeding which creates no personal charge against the owner of the property, but which creates a lien against the property itself, to the extent of its value." *Datum Constr., LLC*, 540 P.3d at 334 n.2 (cleaned up). "*In rem* proceedings are brought against property, not parties." *Id.* (cleaned up).

Platt argues that it properly perfected seven claims of lien in accordance with Idaho Code § 45-507, by recording six of those claims in the real property records of Cassia County, Exs. 201-205, 207, and one claim in the real property records of Jerome County, Ex. 206. Debtor does not challenge the initial perfection of Platt's claim of liens. While the claims were each recorded after Debtor filed its bankruptcy and after the automatic stay was in place, the parties stipulated that the recording of the claim of liens, by themselves, did not violate the automatic stay, due to § 362(b)(3).[2] The parties, however, disagree as to whether Platt was required to give notice in the bankruptcy case

---

[2] Section 362(b)(3) does not stay "any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) . . ."

MEMORANDUM OF DECISION - 4

pursuant to § 546(b)(2), within the time limits prescribed by Idaho Code § 45-510(1), in order to maintain those perfected liens.

**2. Deadline to commence a proceeding to enforce a claim of lien under Idaho law.**

Idaho statutes set the deadline for a party to commence a proceeding to enforce a claim of lien under Idaho law. Idaho Code § 45-510(1) provides in relevant part that "[n]o lien provided for in this chapter binds any building, mining claim, improvement or structure for a longer period than six (6) months after the claim has been filed, unless proceedings be commenced in a proper court within that time to enforce such lien . . . ." However, Platt could not have commenced a lien foreclosure action to enforce its liens in Idaho state court within this six-month time period. The filing of such an action was prohibited by the automatic stay under § 362(a)(4), which stays any act to enforce any lien against property of the estate.

**3. Applicability of Section 546(b).**

Section 546(b) permits postpetition perfection and the maintenance or continuation of perfection of a lien under certain circumstances. That statute provides as follows:

(b)(1) The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that—

(A) permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection; or

(B) provides for the maintenance or continuation of perfection of an interest in property to be effective against an entity that

MEMORANDUM OF DECISION - 5

acquires rights in such property before the date on which action
is taken to effect such maintenance or continuation.

(2) If—

(A) a law described in paragraph (1) requires seizure of such
property or commencement of an action to accomplish such
perfection, or maintenance or continuation of perfection of an
interest in property; and

(B) such property has not been seized or such an action has not
been commenced before the date of the filing of the petition;

such interest in such property shall be perfected, or perfection of such
interest shall be maintained or continued, by giving notice within the
time fixed by such law for such seizure or such commencement.

In other words, if commencement of an action is required to perfect, or to maintain or

continue perfection of an interest in property, and that action has not been commenced

prepetition, the claimant may perfect, or maintain or continue perfection, "by giving

notice within the time fixed by such law for such seizure or such commencement."

§ 546(b)(2).

It is undisputed that Platt failed to invoke § 546(b) by giving the notice required

by that statute in the six-month time period required by Idaho Code § 45-510(1).  Not

surprisingly, however, the parties disagree whether Platt was required to comply with

§ 546(b)(2).  Debtor argues Platt's failure to provide the required notice renders its liens

unperfected.  Platt, relying on *Philmont Mgmt., Inc. v. 450 S.W. Ave., LLC (In re 450

S.W. Ave., LLC)*, 2023 WL 2851378 (9th Cir. Apr. 10, 2023), argues that the action

required by Idaho Code § 45-510(1) is one of lien enforcement, not of perfection or

MEMORANDUM OF DECISION - 6

maintenance or continuation of perfection.  Accordingly, the notice provision of
§ 546(b)(2) does not apply.

**4. Interpretation of Idaho Code § 45-510(1).**

If Idaho Code § 45-510(1) requires a party to commence an enforcement
proceeding to maintain perfection of a mechanic's lien under Idaho law, and since such a
suit had not been instituted before Debtor filed for bankruptcy, then under § 546(b)(2), in
order to maintain perfection, Platt was required to give notice to Debtor within the six-
month time-period provided by Idaho Code § 45-510(1).  Platt's failure to comply with
§ 546(b)(2) would require the Court to disallow its Claim.  Alternatively, if the
commencement of an enforcement proceeding pursuant to Idaho Code § 45-510(1) is not
part of the perfection process under Idaho law, then § 362(a)(4) operates as a stay to any
enforcement action and Platt's mechanic's liens would remain in effect, at least until the
termination of the automatic stay, and as extended by § 108(c).  Thus, the Court must
determine whether Idaho Code § 45-510(1) deals with enforcement of a lien or if it is the
mechanism by which a lienholder may accomplish the maintenance or continuation of
perfection of its lien.

The starting point in the Court's analysis is the Ninth Circuit's decision in *In re
450 S.W. Ave*.  In that case, the bankruptcy court interpreted a California mechanic's lien
statute.  Section 8460(a) of the California Civil Code requires a lien claimant to
commence an action to "enforce a lien" within 90 days after recordation of the claim.
Cal. Civ. Code § 8460.  If a lien claimant does not commence an action within that time,
then the claim of lien expires and is unenforceable.  2023 WL 2851378 at *2.  The

bankruptcy court and the Ninth Circuit Bankruptcy Appellate Panel interpreted this statute as one of perfection or maintenance or continuation of perfection, which therefore required compliance with the notice provision of § 546(b)(2). The Ninth Circuit reversed the bankruptcy court, holding the foreclosure action required by § 8460(a) of the California Civil Code was a lien enforcement action, and the notice provision of § 546(b)(2) did not apply. *Id.*

Applying the reasoning from *In re 450 S.W. Ave.*, the Court must determine whether the lien foreclosure action required by Idaho Code § 45-510(1) serves to enforce an existing lien or to perfect (or maintain perfection of) that lien. There are substantial similarities between the California statute in *In re 450 S.W. Ave.* and Idaho Code § 45-510(1). Like § 8460(a) of the California Civil Code, Idaho Code § 45-510(1) requires that a lien claimant commence a lien foreclosure action within a time certain, to "enforce" the claimant's lien. *See* Idaho Code § 45-510(1) (providing six months to "enforce such a lien"); Cal. Civ. Code § 8460 (providing 90 days to "enforce a lien").

A claimant's failure to commence a lien foreclosure action under both statutes also renders the claimant's lien unenforceable because it expires. Section 8460(a) of the California Civil Code states that if a "claimant does not commence an action to enforce the lien within that time, the claim of lien expires and is unenforceable." Cal. Civ. Code § 8460. The Idaho Supreme Court has held that "Idaho Code Section 45-510, entitled "Duration of Lien," establishes the duration of such a lien. It plainly limits that duration to six months." *Datum Constr., LLC v. RE Inv. Co., LLC*, 540 P.3d 330, 334 (Idaho 2023). In that case the Idaho Supreme Court went on to state:

MEMORANDUM OF DECISION - 8

> Any lien filed under the chapter expires six months after the claim was filed. Any action to "enforce the lien," again, an action against the property *in rem*, must be commenced within that six-month period. But contrary to Datum's position, Idaho Code section 45-510 does not include a statute of limitations . . . . Instead, it creates a defense for a property owner should a lienholder try to enforce a lien more than six months after it has been filed. Theoretically, a lien claimant could file a foreclosure action more than six months after the lien was recorded, but under Idaho Code section 45-510, the property owner would have an absolute defense to the action, not because a statute of limitations had run, but because the lien, by its statutory authority, had expired.

*Id.* at 334-35. *See also Sims v. ACI Nw., Inc.*, 342 P.3d 618, 622 (Idaho 2015) (noting the Idaho Supreme Court "has construed the time limitation in Idaho Code section 45-510 as a limit on liability and the right to enforce.").

Due to the similarities in between Idaho Code § 45-510(1) and § 8460(a) of the California Civil Code, this Court concludes the reasoning employed by the Ninth Circuit in *In re 450 S.W. Ave.* applies equally to both statutes. Thus, the foreclosure action required by Idaho Code § 45-510(1) is one of lien enforcement, not of perfection or maintenance or continuation of perfection. Accordingly, § 362(a)(4) operated as a stay to any enforcement action by Platt until the termination of the automatic stay. The Court notes that September 1, 2025, was the effective date of the confirmed chapter 11 plan, which terminated the automatic stay. *See* Doc. No. 1445, Case No. 24-40158. Section 108(c)(2) operates to toll the enforcement deadline set forth in Idaho Code § 45-510(1), until 30 days after notice of the termination of the automatic stay. Therefore, as of date of publishing this decision, Platt holds a secured claim against the Debtor. Thus, Debtor's Objection to Platt's Claim is overruled.

MEMORANDUM OF DECISION - 9

**5. Alternative grounds to deny the Objection.**

Even if the Court had not overruled Debtor's Objection to the secured status of Platt's Claim, the Court would have done so because Debtor failed to comply with Rule 7001. Rule 7001(b) provides that adversary proceedings include "proceeding[s] to determine the validity, priority, or extent of a lien or other interest in property—except a proceeding under Rule 3012 or Rule 4003(d)." Debtor challenges the validity of Platt's mechanic's liens encumbering Debtor's real property. Debtor, however, elected to proceed by objecting to Platt's proof of claim, which initiated a contested matter governed by Rule 9014. Rule 7001(b) required Debtor to prosecute this matter through an adversary proceeding. Debtor's failure to initiate an adversary proceeding provides an additional basis upon which to deny the Objection.

**B. Platt's Claim is not a duplicative claim.**

Having determined that Platt's claim is secured, the Court turns to whether it should nonetheless be disallowed as duplicative. The stipulated facts provide that Platt did not have a contract with Debtor regarding the work performed on Debtor's real property. Instead, Platt had a contract with Elevation Electric, which remains unpaid. Elevation Electric's proof of claim, filed in Case No. 24-40158, a jointly administered case, includes amounts owed by Elevation Electric to Platt. Elevation Electric's claim is an allowed claim in Case No. 24-40158 and is being paid pursuant to the confirmed Fifth Amended Plan.

Debtor argues that Platt's Claim in this case is duplicative of the Elevation Electric proof of claim in Case No. 24-40158 because both claims account for the same liability

owed to Platt.  Platt, however, disagrees and points to key differences between the claims.

Platt's Claim in this case is purely an *in rem* claim premised upon Idaho's mechanic's

lien statutes.  Platt does not assert a claim against the debtor in Case No. 24-40158.

Instead, Elevation Electric holds an unsecured claim against the debtor in that case,

which is not the same entity as the Debtor in this case.

The Court concludes Platt is correct and its Claim in this case does not constitute a

duplicate claim.  The Ninth Circuit Bankruptcy Appellate Panel has explained that in

jointly administered bankruptcy cases, "the claims of creditors in one case are treated

separately from claims in the other cases."  *VRE Acceptance, LLC v. Seaman (In re

Gianulias)*, 2013 WL 1397430, at *6 (9th Cir. BAP Apr. 5, 2013).  Further, Platt's Claim

in this case is a secured by the Debtor's real property, whereas the Elevation Electric

claim in Case No. 24-40158 is wholly unsecured.  Finally, the identity of the claimant

asserting these claims is different.  As such, these two claims cannot be considered

duplicative.[3]

---

[3] If the Debtor is concerned that Platt may enjoy a double recovery on its Claim should both its
Claim in this case and the Elevation Electric claim in Case No. 24-40158 be paid, then the debtor in Case
No. 24-40158 is obligated to object to the Elevation Electric claim and explain why the amount asserted
in that claim on behalf of Platt is not enforceable against the debtor.  *See* § 502(b)(1).

MEMORANDUM OF DECISION - 11

**CONCLUSION**

Based on the foregoing, the Court will overrule Debtor's Objection.  A separate order will be entered.

DATED:  September 25, 2025

_____
NOAH G. HILLEN
Chief U.S. Bankruptcy Judge